UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN FRAZIER,

       Petitioner,

v.                                                    Case No. 2:11-cv-10893
                                                      Honorable Denise Page Hood
THOMAS BELL,

       Respondent.

_____/

## OPINION AND ORDER GRANTING PETITIONER'S REQUEST TO HOLD PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

### I.  INTRODUCTION

This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254.  Michigan prisoner Alvin Frazier ("Petitioner") is incarcerated by the Michigan Department of Corrections, currently housed at the Lakeland Correctional Facility in Coldwater, Michigan, where he is serving a sentence of fifteen to thirty years for second-degree murder. Petitioner pleaded no-contest on May 13, 2008, following a jury trial in the Circuit Court in Saginaw County, Michigan.  He was sentenced on July 16, 2008.  Petitioner filed this Habeas Petition, *pro se*, alleging that he is unconstitutionally incarcerated because the trial court erred in failing to appoint counsel for him on his first-tier review of his plea-based conviction, and he should be allowed to withdraw his plea because he is actually innocent. On August 11, 2011, Respondent, through the Attorney General's Office, filed his Answer to the Petition, along with the Rule 5 materials, alleging that Petitioner's claims lack merit.

Pending before the Court is Petitioner's "Request to Hold Petition for Writ of Habeas

Corpus in Abeyance," filed on August 19, 2011.  *See* Pet'r's Req. to Hold Pet. for Writ of Habeas Corpus in Abeyance, ECF No. 13.  In his Request, Petitioner asks the Court to stay his habeas proceedings so that he may return to the state courts to exhaust additional, unexhausted claims concerning the sufficiency of the evidence, the effectiveness of both trial and appellate counsel, and his no-contest plea.  For the reasons set forth below, the Court grants Petitioner's Request and stays his habeas-corpus proceedings.

## II.  BACKGROUND

On May 13, 2008, at his Plea Hearing, Petitioner pleaded no-contest to second-degree murder and felony firearm, with a maximum-minimum sentence of fifteen years. The trial court subsequently informed him of his rights that he was foregoing by pleading guilty.  The trial court also stated, though incorrectly, the following:

> Understand also that by pleading you're giving up any right you have to have court-appointed counsel assist you at public expense on any application for leave to appeal or other post-conviction remedies unless your sentence were to exceed sentencing guidelines, or your plea was a conditional plea, or the prosecutor sought leave to appeal, or the Court of Appeals or Supreme Court granted you leave to appeal.

> Under any of those circumstnaces you'd still be eligible for court-appointed counsel at public expense provided you came under one of those four exceptions and also qualified under terms of indigence.

Plea Hr'g, 5-6 May 13, 2008, ECF No. 12-4.

On June 19, 2008, Petitioner filed a Motion to withdraw his plea.  The Motion was denied.  Following, on July 16, 2008, he was sentenced as described above.

Seven months after his sentencing, Petitioner requested counsel.  The trial court denied his request because it was not filed within forty-two days of sentencing, again incorrectly stating:

2

This matter is presently before the Court on Defendant's request for Court-appointed appellate counsel. The Defendant plead no[-]contest to Homicide–Murder 2nd, Weapons-Felony Firearm, and acknowledged his HOA 2nd Status on May 13, 2008.

At the above-mentioned hearing the Defendant was advised of the rights that he was waiving and was asked if he wished to give up those rights. The Court advised the Defendant that by pleading guilty he was giving up any rights he had to have court-appointed counsel assist on filing any application for leave to appeal or other post-conviction remedies unless; 1) the sentence were to exceed sentencing guidelines, or 2) the plea was a conditional plea, or 3) the prosecutor sought leave to appeal, or 4) the Court of Appeals or Supreme Court granted leave to appeal. The Court then advised the Defendant he would still be eligible for court-appointed counsel provided he came under one of the above-mentioned exceptions and also qualified under terms of indigence.

The Defendant indicated that he wished to give up the above-referenced rights. Moreover, the Defendant acknowledged that he was waiving his rights freely and voluntarily. Since the Defendant specifically waived his right to have a court-appointed attorney assist in filing an Application for Leave to Appeal, his Petition is denied.

THEREFORE, IT IS HEREBY ORDERED that Defendant's Petition for Court-Appointed Appellate Counsel is DENIED.

*People v. Frazier*, No. 07-029462-FC (Saginaw Cnty. Cir. Ct. Jan. 26, 2009).

Petitioner then filed a Delayed Application for Leave to Appeal with the Michigan Court of Appeals, raising the same claims raised in this Habeas Petition. On July 1, 2009, the Court of Appeals denied his Application in a standard order. *People v. Frazier*, No. 292085 (Mich. Ct. App. July 1, 2009). Petitioner thereafter filed an Application for Leave to Appeal with the Michigan Supreme Court. On January 22, 2010, the Michigan Supreme Court denied leave, stating:

On order of the Court, the application for leave to appeal the July 1, 2009 order of the Court of Appeals is considered and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. We note that the trial court orally gave the defendant certain warnings at his plea hearing. He advised defendant that by pleading no[-]

3

contest to the charges against him, he waived his right to court-appointed counsel unless his sentence exceeded the sentencing guidelines, his plea was conditional, the prosecutor sought leave to appeal, or the Court of Appeals or this Court granted his application for leave to appeal.  That instruction was legally erroneous.  *Halbert v. Michigan*, 545 U.S. 605, 125 S.Ct. 2582, 162 L.Ed.2d 552 (2005); MCR 6.425(F)(2).

However, the trial court's error was harmless, because defendant received an advice-of-rights form at sentencing informing him of his right to appointed counsel under all circumstances, regardless of whether his conviction was plea-based or trial-based.  MCR 6.425(F)(3).  Therefore, defendant was not prejudiced by the trial court's erroneous oral instructions.  Under MCR 6.425(F)(2)(c), defendant was required to request counsel within 42 days.  Because defendant did not request that appellate counsel be appointed until seven months later, his request was properly denied.

Although the error was harmless in this case, trial judges should take care to advise defendants in plea proceedings of their continuing right to court-appointed counsel if they cannot afford counsel.

*People v. Frazier*, 485 Mich. 1044, 776 N.W.2d 904 (2010) (unpublished table decision).

The Michigan Supreme Court also denied Petitioner's Motion for Reconsideration.  *People v. Frazier*, 485 Mich. 1131, 779 N.W.2d 506 (2010) (unpublished table decision).

Petitioner neither filed a Petition for a Writ of Certiorari with the United States Supreme Court nor a Motion for Relief from Judgment with the state trial court.  Rather, he filed this Habeas Petition on March 7, 2011.

### III. DISCUSSION

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal-habeas petition.  *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000).  The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate-review process, including a petition

for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845, 119 S.Ct. at 1733. A prisoner fairly presents his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S.Ct. 887, 888 (1995); *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal-habeas relief. *See Dombkowski v. Johnson*, 488 F.2d 68, 70 (6th Cir. 1973); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990) (same). The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citation omitted).

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state-court procedures for a habeas petitioner to exhaust his or her claims. *O'Sullivan*, 526 U.S. at 847, 119 S.Ct. at 1733-34. In this case, Petitioner's method of properly exhausting his newly-discovered claims in the state courts would be through filing a Motion for Relief from Judgment with the Saginaw County Circuit Court under Michigan Court Rule 6.502. *See Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009). If Petitioner is unsuccessful in the trial court, the denial of his Motion for Relief from Judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an Application for Leave to Appeal. MCR 6.509(A); *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

The Court will grant Petitioner's Request to stay his habeas proceedings while he returns to the state courts to exhaust. The Court finds that the outright dismissal of the Habeas Petition, albeit without prejudice, might result in precluding the Court from

considering Petitioner's claims due to the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1). A common circumstance that justifies abating a habeas petition arises when an original petition containing exhausted claims was timely filed, but the petitioner also wishes to include in that petition claims that are not yet exhausted. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002). The United States Supreme Court, in fact, has suggested that a habeas petitioner who is concerned that time spent pursuing state post-conviction relief takes his claims outside of AEDPA's one-year limitations period could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the conclusion of the state post-conviction proceedings. *Pace v. DiGuglielmo*, 544 U.S. 408, 416, 125 S.Ct. 1807, 1813 (2005) (citing *Rhines v. Weber*, 544 U.S. 269, 278, 125 S.Ct. 1528, 1531 (2005)). This is the situation in Petitioner's case. Thus, the Court will stay the proceedings.

However, even where a district court determines that a stay is appropriate pending exhaustion of state-court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278, 125 S.Ct. at 1531. To ensure that there are no delays by Petitioner in exhausting his state-court remedies, this Court will impose upon him time limits within which he must present his claims to the Michigan courts and return to this Court after his state remedies are exhausted. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). The tolling is conditioned upon Petitioner initiating his state, post-conviction remedies within sixty days of the issuance of this Order, if he has not already done so, and returning to federal court within sixty days of completing the exhaustion of his state, post-conviction remedies. *See Boris v. Bergh*, No.

6

11-CV-12194, 2011 WL 5546415, at *3 (E.D. Mich. Nov. 10, 2011); *Hargrove*, 300 F.3d at 721.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Petitioner's "Request to Hold Petitioner for Writ of Habeas Corpus in Abeyance" is GRANTED [ECF No. 13], and further proceedings in this case are stayed pending exhaustion of state-court remedies. The case shall be stayed provided that (1) Petitioner presents his unexhausted claims to the state court, if he has not done so already, within sixty days from the date of this Order, and (2) he returns to this Court to request that the stay be lifted within sixty days of exhausting state-court remedies. "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the Petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted). Petitioner shall file an Amended Petition in this Court after the conclusion of the state-court proceedings. If, and when, Petitioner returns to federal court with an Amended Petition, following exhaustion of state remedies, he shall use the same caption and case number as appears on this Order.

To avoid administrative difficulties, the Court ORDERS the Clerk of Court to CLOSE this case for statistical purposes only. Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of this matter.

IT IS FURTHER ORDERED that upon receipt of a Motion to reinstate the Habeas Petition following exhaustion of state-court remedies, the Court may order the Clerk to reopen this case for statistical purposes.


s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  March 22, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 22, 2013, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager