UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN FRAZIER,

    Petitioner,

v.

                                CASE NO. 2:11-CV-10893
                                HONORABLE DENISE PAGE HOOD
                                UNITED STATES DISTRICT JUDGE

THOMAS BELL,

    Respondent,
_____/

**OPINION AND ORDER
REOPENING THE PETITION FOR WRIT OF HABEAS
CORPUS ON THE COURT'S ACTIVE DOCKET,
DENYING THE PETITION FOR WRIT OF HABEAS CORPUS,
DISMISSING HABEAS CORPUS ACTION AND
GRANTING CERTIFICATE OF APPEALABILITY
AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

      Alvin Frazier, ("Petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his conviction for second-degree murder, M.C.L.A. 750.317, and possession of a firearm in the commission of a felony [felony-firearm], M.C.L.A. 750.227b.  This Court held the petition for writ of habeas corpus in abeyance to permit petitioner to return to the state courts to exhaust additional claims.  Petitioner has now asked that the petition be reopened on the Court's active docket so that the claims in his original petition can be adjudicated.  For the reasons that follow, the Court will reopen the case

1

on the Court's active docket. The Court will also deny the petition for writ of habeas corpus.

## I. Background

Petitioner was originally charged with open murder [1] and felony-firearm. On May 13, 2008, petitioner pleaded *nolo contendere* to second-degree murder and felony-firearm, in exchange for an agreement from the prosecutor that petitioner would receive 15-30 years on the second-degree murder charge. The trial court advised petitioner of the right to a trial that he was foregoing by pleading *nolo contendere*. (Tr. 5/13/08, pp. 3-5). The trial court judge also gave petitioner the following incorrect advice concerning petitioner's appellate rights:

> Understand also that by pleading you're giving up any right you have to have court-appointed counsel assist you at public expense on any application for leave to appeal or other post-conviction remedies unless your sentence were to exceed sentencing guidelines, or your plea was a conditional plea, or the prosecutor sought leave to appeal, or the Court of Appeals or Supreme Court granted you leave to appeal.
>
> Under any of those circumstances you'd still be eligible for Court-appointed counsel at public expense provided you came under one of those four exceptions and also qualified under terms of indigence.

(*Id.,* pp. 5-6).

The parties stipulated to the use of the preliminary examination transcript to establish a factual basis for the plea. (*Id.,* p. 9).

---

[1] Under Michigan law, it is proper to charge a defendant with the crime of open murder. Such a charge gives a circuit court jurisdiction to try a defendant on first and second degree murder charges. *See Taylor v. Withrow,* 288 F.3d 846, 849 (6th Cir. 2002); *See also Williams v. Jones,* 231 F. Supp. 2d 586, 589 (E.D. Mich. 2002)(*citing* M.C.L.A. 750.316, 750.318; *People v. McKinney*, 65 Mich. App. 131, 135; 237 N.W. 2d 215, 218 (1975)).

Petitioner subsequently filed a motion to withdraw his plea, which was denied on the day of sentencing. (Tr. 7/16/08, pp. 3-4). Petitioner was sentenced to fifteen to thirty years in prison on the second-degree murder conviction and received a consecutive two year prison sentence on the felony-firearm conviction. (*Id.,* pp. 8-9).

After he was sentenced, but not until about January 14, 2009, petitioner requested the appointment of appellate counsel. The trial court denied petitioner's request because it was not filed within forty-two days of sentencing, but again incorrectly stated:

> This matter is presently before the Court on Defendant's request for Court-appointed appellate counsel. The Defendant plead no[-]contest to Homicide–Murder 2nd, Weapons-Felony Firearm, and acknowledged his HOA [habitual offender] 2nd Status on May 13, 2008.
>
> At the above-mentioned hearing the Defendant was advised of the rights that he was waiving and was asked if he wished to give up those rights. The Court advised the Defendant that by pleading guilty he was giving up any rights he had to have court-appointed counsel assist on filing any application for leave to appeal or other post-conviction remedies unless; 1) the sentence were to exceed sentencing guidelines, or 2) the plea was a conditional plea, or 3) the prosecutor sought leave to appeal, or 4) the Court of Appeals or Supreme Court granted leave to appeal. The Court then advised the Defendant he would still be eligible for court-appointed counsel provided he came under one of the above-mentioned exceptions and also qualified under terms of indigence.
>
> The Defendant indicated that he wished to give up the above referenced rights. Moreover, the Defendant acknowledged that he was waiving his rights freely and voluntarily. Since the Defendant specifically waived his right to have a court-appointed attorney assist in filing an Application for Leave to Appeal, his Petition is denied.

3

>THEREFORE, IT IS HEREBY ORDERED that Defendant's Petition for Court-Appointed Appellate Counsel is DENIED.

*People v. Frazier*, No. 07-029462-FC (Saginaw Cnty. Cir. Ct. Jan. 26, 2009).

Petitioner then filed an application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Frazier*, No. 292085 (Mich. Ct. App. July 1, 2009)(Stephens, J. would grant leave to appeal).

Petitioner then filed an Application for Leave to Appeal with the Michigan Supreme Court. On January 22, 2010, the Michigan Supreme Court denied leave, stating:

>On order of the Court, the application for leave to appeal the July 1, 2009 order of the Court of Appeals is considered and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. We note that the trial court orally gave the defendant certain warnings at his plea hearing. He advised defendant that by pleading no[-] contest to the charges against him, he waived his right to court-appointed counsel unless his sentence exceeded the sentencing guidelines, his plea was conditional, the prosecutor sought leave to appeal, or the Court of Appeals or this Court granted his application for leave to appeal. That instruction was legally erroneous. *Halbert v. Michigan*, 545 U.S. 605, 125 S.Ct. 2582, 162 L.Ed.2d 552 (2005); MCR 6.425(F)(2).
>
>However, the trial court's error was harmless, because defendant received an advice-of-rights form at sentencing informing him of his right to appointed counsel under all circumstances, regardless of whether his conviction was plea-based or trial-based. MCR 6.425(F)(3). Therefore, defendant was not prejudiced by the trial court's erroneous oral instructions. Under MCR 6.425(F)(2)(c), defendant was required to request counsel within 42 days. Because defendant did not request that appellate counsel be appointed until seven months later, his request was properly denied.
>
>Although the error was harmless in this case, trial judges should take

> care to advise defendants in plea proceedings of their continuing right to court-appointed counsel if they cannot afford counsel.

*People v. Frazier*, 485 Mich. 1044, 776 N.W.2d 904 (2010)(unpublished table decision).

The Michigan Supreme Court subsequently denied petitioner's motion for reconsideration. *People v. Frazier*, 485 Mich. 1131, 779 N.W.2d 506 (2010) (unpublished table decision).

Petitioner originally filed his petition for writ of habeas corpus on March 7, 2011. On August 11, 2011, respondent filed an answer to the petition for writ of habeas corpus, urging this Court to deny the petition on the merits. On August 19, 2011, petitioner filed a request to hold the petition in abeyance so that he could return to the state courts to exhaust additional claims that were not contained in his current habeas petition. On March 22, 2013, this Court held the petition in abeyance and administratively closed the case. *Frazier v. Bell,* No. 2:11-CV-10893, 2013 WL 1192308 (E.D. Mich. March 22, 2013).

On August 22, 2013, petitioner filed a letter with this Court requesting that his case be reopened. Petitioner claims that he was unable to successfully complete his state post-conviction remedies and asks this Court to adjudicate the claims raised in his original habeas petition. Petitioner seeks habeas relief on the following claims:

> I. The trial court erred in violation of Defendant's Fourteenth Amendment rigths to due process and equal protection, when the court failed to appoint[] appellate counsel for Defendant, who is indigent and

5

seeks access to first-tier review of his plea-based conviction pursuant to *Halbert v Michigan*, 125 S. Ct. 2582 (2005)

II. Defendant should be allowed to withdraw his *nolo contendere* plea where he is innocent of the charges.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may

6

not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003).  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme

7

Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786.  Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.*  Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)).  Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24.  Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87.

### III.  Discussion

**A.  The motion to reopen the petition for writ of habeas corpus.**

Petitioner has asked this Court to reopen his petition for writ of habeas

8

corpus, claiming that his claims are now ripe for review in that he has completed his state post-conviction remedies.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner, following the exhaustion of state court remedies. *See e.g. Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Because petitioner is now alleging that further exhaustion of additional claims would be futile, his petition is now ripe for consideration. Accordingly, the Court will order that the original habeas petition be reopened.

**B. Claim # 1. The denial of appellate counsel claim.**

Petitioner first claims that the trial court judge erroneously denied his request for the appointment of appellate counsel.

A defendant has an absolute right to be represented by counsel on his first appeal from his conviction. *Douglas v. California*, 372 U.S. 353, 356 (1963); *Penson v. Ohio*, 488 U.S. 75, 83-83 (1988). The Sixth Amendment right to the effective assistance of trial counsel has been extended to guarantee the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 395-97 (1985).

In *Halbert v. Michigan,* 545 U.S. 605, 609-10 (2005), the United States Supreme Court, based on its holding in *Douglas,* held that the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution require the appointment of counsel for defendants who have

pleaded guilty or *nolo contendere* and who seek access to first-tier review of their convictions in the Michigan Court of Appeals. [2]

In the present case, the Michigan Supreme Court concluded that the trial judge did not improperly deny petitioner court-appointed appellate counsel because his request was untimely, in that it was filed more than forty two days after sentencing. Under M.C.R. 6.425(G)(1)(c), a trial judge in Michigan is under no duty to appoint appellate counsel for a defendant in a plea-based conviction unless the request for the appointment of appellate counsel is made within forty two days of sentencing. Petitioner was sentenced on July 16, 2008. Under M.C.R. 6.425(G)(1)(c), petitioner had until August 27, 2008 to file a timely request for the appointment of appellate counsel. Because petitioner did not file his request for the appointment of appellate counsel until January 14, 2009, his request was untimely.

The state courts did not violate the Supreme Court's holding in *Halbert,* because petitioner did not make a timely request for a court-appointed lawyer,

---

[2] In 1994, Michigan voters approved a proposal which amended Michigan's State Constitution to provide that "an appeal by an accused who pleads guilty or *nolo contendere* shall be by leave of the court," rather than by right. Mich. Const., Art. 1, § 20. In the aftermath of this amendment, some trial court judges in Michigan began to deny appointed appellate counsel to indigent defendants who had pleaded guilty or *nolo contendere*. *See Kowalski v. Tesmer,* 543 U.S. 125, 127-28 (2004). The Michigan Supreme Court upheld the constitutionality of this practice against challenges based on the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the Federal Constitution. *People v. Harris*, 470 Mich. 882; 681 N.W.2d 653 (2004)(Kelly, J. dissenting and Cavanagh, J. would hold case in abeyance pending the decision in *Kowalski v. Tesmer, supra)*; *People v. Bulger*, 462 Mich. 495; 614 N.W. 2d 103 (2000)(Cavanagh, and Kelly, JJ., dissenting). The Michigan State Legislature subsequently codified the practice of limiting the appointment of appellate counsel in guilty plea cases to certain limited situations. *See* M.C.L.A. 770.3a. The Supreme Court in *Halbert* held that such restrictions were unconstitutional.

because he waited more than forty two days after sentencing to request appellate counsel. Although *Halbert* guarantees an indigent's right to counsel for first-tier appellate review, the Supreme Court did not hold or suggest in that case that "states are powerless to enact reasonable conditions upon the exercise of that right." *Lee v. Burt,* No. 09-12127; 2011 WL 2580642, * 4 (E.D. Mich. June 29, 2011)(citing *Mason v. Davis*, No. 1:07–CV–215, 2007 U.S. Dist. LEXIS 39456,*1, *3, 2007 WL 1582214, * 1-2 (W.D. Mich. May 31, 2007)). The Supreme Court, in fact, has upheld a state's right to impose reasonable procedural conditions on a criminal defendant's rights, even those rights that are protected by the Constitution. *Id.* (citing to *Mason,* 2007 WL 1582214, at * 1 (citing *Taylor v. Illinois*, 484 U.S. 400, 412–13 (1988)). "Even the exercise of constitutional rights may be limited by procedural rules." *Kennedy v. City of Cleveland*, 797 F. 2d 297, 301, n. 5 (6th Cir. 1986). "A six-week period to file a request for appointment of appellate counsel is reasonable and no Supreme Court holding suggests otherwise." *Lee,* 2011 WL 2580642, at * 4.

The Court is aware that the trial judge at the time of petitioner's *nolo contendere* plea gave petitioner incorrect advise about his right to appellate counsel, when he advised petitioner that he could only obtain the appointment of appellate counsel under certain limited circumstances. The Michigan Supreme Court agreed that the trial judge's instructions were erroneous but considered them to be harmless because petitioner was given an advice of rights form at the

11

time of sentencing which correctly informed him of his right to the appointment of appellate counsel under all circumstances.

A trial court's failure to advise a criminal defendant of his or her right to appeal a conviction or sentence does not entitle him or her to habeas corpus or collateral relief if he or she knew of his or her right to appeal and thus suffered no prejudice from the omission of these rights. *See Peguero v. United States*, 526 U.S. 23, 24 (1999). In the present case, petitioner was given an advice of rights form at sentencing which accurately informed him of his right to appeal and his right to appellate counsel. Any deficiencies in the advice given by the trial court at the time of petitioner's plea concerning the extent to which he could request the appointment of appellate counsel were harmless in light of the fact that petitioner received an advice of rights form at sentencing which accurately informed him of his right to appeal and his right to the assistance of court appointed appellate counsel. *See Abbott v. Gigliotti,* 457 Fed. Appx. 103, 106 (3rd Cir. 2012); *Lee,* 2011 WL 2580642, at * 5.

In the present case, petitioner was aware that he could appeal his sentence and seek the appointment of appellate counsel to help perfect his appeal. Because petitioner did not make a timely request for the appointment of appellate counsel, the Michigan Supreme Court's rejection of petitioner's claim was not an unreasonable application of *Halbert.* Petitioner is not entitled to relief on his first claim.

### C. Claim # 2. The plea withdrawal claim.

Petitioner next claims that he should be permitted to withdraw his *nolo contendere* plea because he is innocent of the charges.

Bald assertions of innocence are insufficient to permit a defendant to withdraw his or her guilty plea. *United States v. Jones*, 336 F. 3d 245, 252 (3rd Cir. 2003). "Assertions of innocence must be buttressed by facts in the record that support a claimed defense." *Id.* (internal quotation omitted). The mere assertion of innocence, absent a substantial supporting record, is insufficient to overturn a guilty or *nolo contendere* plea, even on direct appeal. *Everard v. United States*, 102 F. 3d 763, 766 (6th Cir. 1996). Petitioner's mere recantation of his *nolo contendere* plea, without any support, would therefore be insufficient to have his plea overturned. *Id.* For a plea withdrawal motion to be successful, a defendant must set forth a legally cognizable defense to the charges against him or her, which requires more than a general denial to put the government to its proofs; rather, a defendant must affirmatively advance an objectively reasonable argument that he or she is innocent. *United States v. Weaver*, 112 F. Supp. 2d 1, 7-8 (D.D.C. 2000)(internal citations omitted).

In the present case, petitioner has presented no factual evidence or reasonable arguments that he is innocent of these charges. Petitioner's conclusory allegation of innocence is therefore insufficient to permit him to withdraw his *nolo contendere* plea. *See United States v. Clark,* 429 F. Supp. 89,

93 (W.D. Okla. 1976).

To the extent that petitioner claims that there was an insufficient factual basis to support his *nolo contendere* plea, he would not be entitled to habeas relief. There is no federal constitutional requirement that a factual basis be established to support a guilty plea. See *Roddy v. Black,* 516 F. 2d 1380, 1385 (6th Cir. 1975); *See also Holtgreive v. Curtis,* 174 F. Supp. 2d 572, 582 (2001). Although M.C.R. 6.302(D)(1) requires that a factual basis must be elicited from a defendant prior to accepting his or her guilty plea, no federal constitutional issue is raised by the failure of a Michigan trial court to comply with a state law or court rule concerning establishing the factual basis of a guilty plea. *Holtgrieve,* 174 F. Supp. 2d at 582. "[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." *United States v. Tunning,* 69 F. 3d 107, 111 (6th Cir. 1995). Thus, petitioner's claim that there was an insufficient factual basis to support his *nolo contendere* plea is non-cognizable on habeas review. *See Bonior v. Conerly*, 416 Fed. Appx. 475, 477-78 (6th Cir. 2010).

Finally, any claim by petitioner that there was insufficient evidence to convict him of these crimes has been waived by petitioner's *nolo contendere plea.* An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258,

267 (1973). A *nolo contendere* plea also constitutes a waiver of all non-jurisdictional defects. *United States v. Freed,* 688 F. 2d 24, 25 (6th Cir. 1982); *See also Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 747 (E.D. Mich. 2005). Petitioner's *nolo contendere* plea waives any challenge to the sufficiency of the evidence to convict him. *See Post v. Bradshaw,* 621 F. 3d 406, 426-27 (6th Cir. 2010). Petitioner is not entitled to habeas relief on his second claim.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus.

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. [3] 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

---

[3] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

Although the Court believes that its decision to deny habeas relief was correct, the Court will nonetheless grant petitioner a certificate of appealability on his claims for the following reason. Judge Cynthia Stephens of the Michigan Court of Appeals indicated that she would have granted petitioner's delayed application for leave to appeal to that court. "When a state appellate court is divided on the merits of the constitutional question, issuance of a certificate of appealability should ordinarily be routine." *Jones v. Basinger*, 635 F. 3d 1030, 1040 (7th Cir. 2011). The fact that Judge Stephens would have granted petitioner leave to appeal his conviction shows that jurists of reason could decide the issues raised in this petition differently or that the issues deserve encouragement to proceed further. *See Robinson v. Stegall,* 157 F. Supp. 2d 802, 820, fn. 7 & 824 (E.D. Mich. 2001)(habeas petitioner entitled to certificate of appealability from district court's determination that state appellate court reasonably applied federal law in determining that any Confrontation Clause error was harmless, where one judge on the Michigan Court of Appeals dissented and indicated that he would have reversed petitioner's conviction; dissent showed that a reasonable jurist found that the issue should have been decided differently).; *See also Tankleff v. Senkowski,* 135 F. 3d 235, 242 (2nd Cir. 1998)(pre-AEDPA habeas petitioner entitled to certificate of probable cause to appeal, where intermediate state appellate court split three to two on the *Miranda* issue and the propriety of the prosecutor's summation). The Court

16

grants petitioner a certificate of appealability with respect to his claims. [4]

Petitioner is also granted leave to proceed on appeal *in forma pauperis*, as any appeal would not be frivolous. A court may grant *in forma pauperis status* if the court finds that an appeal is being taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

### V. CONCLUSION

Accordingly, **IT IS ORDERED** that petitioner's request to re-open the habeas petition to the Court's active docket is **GRANTED.**

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE and this action is DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **GRANTED** with respect to petitioner's two claims.

**IT IS FURTHER ORDERED** that petitioner is granted leave to proceed on appeal *in forma pauperis*.


Dated:  October 31, 2013         s/Denise Page Hood
                                 Denise Page Hood
                                 United States District Judge

---

[4] The Sixth Circuit disfavors issuing a blanket certificate of appealability without making an individualized determination as to each claim. *See Frazier v. Huffman,* 343 F. 3d 780, 788 (6th Cir. 2003). However, in the absence of any indication from the state court as to which of petitioner's claims it wanted to grant leave on, the Court is unable to make a more individualized determination.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2013, by electronic and/or ordinary mail.

                                        s/LaShawn R. Saulsberry
                                        Case Manager