UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN FRAZIER,

    Petitioner,

v.                      CASE NO. 2:11-CV-10893
                         HONORABLE DENISE PAGE HOOD
                         CHIEF UNITED STATES DISTRICT JUDGE

THOMAS BELL,

    Respondent,
_____/

**<u>OPINION AND ORDER DENYING REQUEST FOR AN EXTENSION OF TIME TO FILE EXHIBITS (ECF No. 34), ANY RELIEF SOUGHT IN THE EXHIBITS (ECF Nos. 35, 36), THE MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS (ECF No. 37), AND ANY RELIEF SOUGHT IN THE DECLARATION (ECF No. 38) TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT</u>**

Petitioner has filed several documents with this Court. This Court previously denied petitioner's request for habeas relief, in which he challenged his convictions for second-degree murder and felony-firearm. *Frazier v. Bell*, 11-cv-10893, 2013 WL 5902480 (E.D. Mich. Oct. 31, 2013); *aff'd Frazier v. Woods*, No. 13-2567 (6th Cir. May 9, 2014) (ECF No. 24). Petitioner has been denied permission by the United States Court of Appeals for the Sixth Circuit to file a successive habeas petition. *In Re Frazier,* No. 20-1320 (6th Cir. Oct. 15, 2020) (ECF No. 30); *In Re Frazier,*

1

No. 20-2238 (6th Cir. May 10, 2021) (ECF No. 39). The Sixth Circuit also denied petitioner's related request for mandamus relief. *In Re Frazier,* No. 20-1926 (6th Cir. Feb. 23, 2021) (ECF No. 31); *reh. Den.* No. 20-1926 (6th Cir. Mar. 18, 2021) (ECF No. 32).

Petitioner filed a request for an extension of time to file exhibits, two sets of exhibits, a motion for leave to appeal *in forma pauperis*, and a declaration. Petitioner again appears to seek permission to file a successive habeas petition based on the grounds that he previously sought permission to file a successive habeas petition.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in

which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

To the extent that petitioner seeks authorization from this Court to file a successive habeas petition, any motion to authorize a second habeas petition is not properly before this Court. This Court lacks jurisdiction to entertain a § 2244 motion. *See Riggleman v. W. Virginia Dep't of Corr.*, 174 F. App'x. 168, 169, n. 1 (4th Cir. 2006). Because the Sixth Circuit recently denied authorization for Petitioner to file another successive habeas petition, the Court now denies all the requested relief sought by Petitioner in his various filings.

To the extent that petitioner challenges the Sixth Circuit's prior decision to deny him permission to file a successive habeas petition, this Court lacks the power to alter the Sixth Circuit's decision. A district court lacks the authority to reinstate a habeas petitioner's second or successive

petition for writ of habeas corpus after the Court of Appeals declines to grant petitioner leave to file such a petition. *See White v. Carter,* 27 F. App'x. 312, 313-14 (6th Cir. 2001). This is consistent with 28 U.S.C. § 2244(b)(3)(E), which states that the grant or denial of an authorization to file a second or successive habeas corpus petition "shall not be appealable." Further, it shall not be subject for a petition for a rehearing or for a petition for a writ of certiorari. *In Re King*, 190 F. 3d 479, 480-481 (6th Cir. 1999).

Accordingly,

IT IS ORDERED THAT: the request for an extension of time to file exhibits (ECF No. 34), any relief sought in the exhibits (ECF Nos. 35, 36), the motion for leave to appeal in forma pauperis (ECF No. 37), and any relief sought in petitioner's declaration in support of the documents (ECF No. 38) are DENIED in light of the Sixth Circuit's May 10, 2021 order denying Petitioner authorization to file another successive habeas corpus petition.

Dated: May 12, 2021　　　　s/Denise Page Hood
　　　　　　　　　　　　　　Chief Judge, United States District